**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-02-00030 |
| JAVES HALL, | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM ORDER</u>**

Petitioner Javes Hall ("Petitioner" or "Mr. Hall"), age forty-four, is currently serving three concurrent life sentences after pleading guilty to three counts of carjacking resulting in death, with aiding and abetting as to the same, in violation of 18 U.S.C. §§ 2119(f) and 2. He was sentenced by then-Chief Judge Smalkin of this Court on October 22, 2002, to three concurrent terms of life imprisonment without possibility of parole. (ECF No. 38.) He was also ordered to pay a special assessment of $300 and restitution of $300,000. (*Id.*) Currently, Mr. Hall is incarcerated at United States Penitentiary Pollock, in Grant Parish, Louisiana. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (search by register number: 40202-037) (last accessed June 17, 2026).

There are two motions now pending before the Court. The first is Mr. Hall's Motion for Expedited Ruling (ECF No. 65). The second is his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 67). Mr. Hall has filed each of these Motions pro se. The Government has not filed any response. The Court has reviewed all the relevant papers; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth

below, Mr. Hall's Motion for Expedited Ruling (ECF No. 65) is DENIED AS MOOT; and his Motion for Compassionate Release (ECF No. 67) is DENIED.

## BACKGROUND

Mr. Hall is currently serving three concurrent life sentences for carjackings resulting in death that he committed in August of 2001. On August 14, Mr. Hall committed a carjacking of an unlicensed cab driver, Matthew Kenney, in which he ordered Mr. Kenney, at gunpoint, to drive into a wooded area. Once there, Mr. Hall killed Mr. Kenney and took his car. On August 23 and 28, 2001, he committed the same crime against two other unlicensed cab drivers, Kajali Samateh and Tony Rogers, respectively. On January 24, 2002, a federal grand jury sitting in Baltimore returned a nine-count Indictment against Mr. Hall. (ECF No. 1.) The Indictment charged: three counts of carjacking resulting in death, with aiding and abetting as to the same, in violation of 18 U.S.C. §§ 2119(f) and 2 (Counts One, Four, and Seven); three counts of using a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two, Five, and Eight); and three counts of using a firearm in the commission of a crime a violence resulting in death, in violation of 18 U.S.C. § 924(j) (Counts Three, Six, and Nine).

On October 22, 2002, Mr. Hall pleaded guilty before then Chief-Judge Smalkin of this Court to Counts One, Four, and Seven, the three counts of carjacking resulting in death, with aiding and abetting as to the same, in violation of 18 U.S.C. §§ 2119(f) and 2. He was sentenced the same day to three life sentences without the possibility of parole, to run concurrently. (ECF No. 52.) Counts Two, Three, Five, Six, Eight, and Nine were dismissed upon the Government's motion. (*Id.*)

Mr. Hall filed the pending Motion for Expedited Ruling on October 21, 2020. (ECF No. 65.) He filed the pending Motion for Compassionate Release on July 27, 2023. (ECF No. 67.) The Government has not filed a response as to any of these Motions.

## ANALYSIS

Mr. Hall filed each of his three pending Motions pro se. Those pleadings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

### I.    Motion for Expedited Ruling (ECF No. 65)

On February 5, 2020, Mr. Hall filed a Moton to Vacate his Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 55.) On October 21, 2020, Petitioner filed the pending Motion for Expedited Ruling (ECF No. 65), which he sent by mail. In the pending Motion, Mr. Hall asked the Court to deny an extension requested by the Government and rule on his Motion to vacate (ECF No. 55) more quickly. *See* (ECF No. 65 at 1). The Motion for Expedited Ruling did not arrive at this Court until November 4, 2020. *See* (*id.* at 1 (noting the Clerk of this Court's date of receipt)).

On October 26, 2020, after Mr. Hall sent by mail the pending Motion for Expedited Ruling (ECF No. 65) but before this Court received it, this Court filed an Order dismissing the motion to vacate (ECF No. 55). *See* (ECF No. 64). The Court determined that it lacked jurisdiction to review Mr. Hall's § 2255 motion because it was his second such motion and that he had filed it without certification from the United States Court of Appeals for the Fourth Circuit. (ECF No. 64 at 2.)

Nevertheless, Mr. Hall's Motion for Expedited Ruling remained pending. Given that this Court already ruled on the underlying § 2255 motion to vacate, the Motion for Expedited Ruling is moot. "'Simply stated, a[n issue] is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Accordingly, Petitioner's Motion for Expedited Ruling (ECF No. 65) is DENIED AS MOOT.

## II.    Motion for Compassionate Release (ECF No. 67)

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Mr. Hall seeks a reduction in sentence from three concurrent life sentences to time served. (ECF No. 67.) Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026) (citing 18 U.S.C. § 3582(b)). Compassionate release, as provided by Congress in § 3582(c)(1)(A), is a limited exception to that rule. *See United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). It permits a court to modify a sentence upon its finding (1) that a petitioner has exhausted his administrative remedies; (2) that there are extraordinary and compelling reasons warranting a reduction; and (3) that such a reduction would align with any relevant sentencing factors set out in 18 U.S.C. § 3553(a) and any applicable policy statement issued by the United States Sentencing Commission.[1] *See United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)). In this case, Mr. Hall has not presented any extraordinary and compelling reasons warranting

---

[1] Section 3582(c)(1)(A) also permits a court to grant relief if a prisoner (1) met the threshold requirements; (2) is at least seventy years of age; (3) has served at least thirty years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c); and (4) the Director of the Bureau of Prisons has determined that the prisoner is not a danger to the safety of the any other person or the community. *Id.* § 3582(c)(1)(A)(ii). This provision does not apply in Mr. Hall's case for the simple reason that he is forty-four years old.

relief. He has likewise not shown that a sentence reduction is warranted under the factors set out in 18 U.S.C. § 3553(a). His Motion (ECF No. 67) is therefore DENIED.

### a. **Administrative Exhaustion**

It is well-settled that the First Step Act of 2018, as codified at 18 U.S.C. § 3582(c)(1)(A), provides a petitioner with the right to move for compassionate release on his own behalf. *See Rutherford*, 146 S. Ct. 1328 (citing 18 U.S.C. § 3582(c)(1)(A)); *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Before he may do so, he must first request that the warden of his facility seek compassionate release on his behalf. *Muhammad*, 16 F.4th at 130 (citing § 3582(c)(1)(A)). Second, he can *either* wait thirty days from making that request before filing in federal court *or* fully exhaust his administrative rights of appeal. *Id.* (quoting § 3582(c)(1)(A)). Either method is sufficient. *Rutherford*, 146 S. Ct. at 1328; *Muhammad*, 16 F.4th at 130 (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021)) (noting that Congress provided "two alternative ways to satisfy the threshold requirement").

Mr. Hall has exhausted his administrative remedies as required by the First Step Act. On May 22, 2023, he requested that the warden of his then-current facility, United States Penitentiary McCreary in Pine Knot, Kentucky, seek compassionate release on his behalf. (ECF No. 67-4 at 2.) He filed his Motion for Compassionate Release on July 27, 2023. (ECF No. 67 at 6.) He has therefore exhausted his administrative remedies.

### b. **Extraordinary and Compelling Reasons**

Despite exhausting his administrative remedies, Mr. Hall is not entitled to a sentence reduction because he has not presented any extraordinary and compelling reasons meriting such relief. To reduce a federal prison sentence under § 3582(c)(1)(A), a federal court must

find the existence of "extraordinary and compelling reasons" warranting such relief. *Id.* Congress tasked the United States Sentencing Commission with "describing what should be considered extraordinary and compelling reasons." 28 U.S.C. § 994(t). The Commission has identified six possible circumstances that, viewed separately or together, may amount to extraordinary and compelling reasons to reduce a sentence:

> (1) the medical circumstances of the defendant;
> (2) the age of the defendant;
> (3) the death or incapacitation of an immediate family member of the defendant;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)–(4); and
> (6) an unusually long sentence, provided that the defendant has served more than ten years and there has been a change in the relevant law.

U.S.S.G. § 1B1.13(b)(1)(6). Additionally, "courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)); *see also United States v. Wise*, No. ELH-18-72, 2020 WL 2614816, at *6 (D. Md. May 22, 2020) (recognizing that a federal district court "retains independent discretion" beyond the Commission's commentary "to determine whether 'extraordinary and compelling reasons' warrant a sentence reduction").

Mr. Hall argues that his health conditions present an extraordinary and compelling circumstance warranting a sentence reduction. (ECF No. 67 at 5.) Specifically, he claims that he has Crohn's disease, sickle cell disease, and hypertension. (*Id.*) Additionally, Mr. Hall alleges that he takes nine medications each day[2] and that he has had several surgeries. (*Id.*) The medical circumstances of a defendant can constitute extraordinary and compelling reasons where a

---

[2] Mr. Hall states that, as of March 1, 2023, he was prescribed to take the following medications daily: (1) cyclosporine; (2) dicyclomine HCL; (3) doxepin; (4) hydrochlorothiazide; (5) lactulose soln; (6) lisinopril; (7) omeprazole; (8) oxcarbazepine; (9) polyethylene glycol 3350 powder.

defendant is "suffering from a terminal illness," U.S.S.G. § 1B1.13(b)(1)(A); where medical conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover," *id.* § 1B1.13(b)(1)(B); where a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," *id.* § 1B1.13(b)(1)(C); or where a defendant faces imminent risk of being affected by an infectious disease or an ongoing public health emergency under certain circumstances, *id.* § 1B1.13(b)(1)(D).

In this case, Mr. Hall's medical conditions are not terminal. The record contains no reason to believe that his health is so diminished that he cannot provide self-care in a correctional facility. There is also no indication that Mr. Hall is suffering from a medical condition requiring long-term or specialized care that is not being provided, or that Mr. Hall is at an elevated risk of deterioration in health. Lastly, Mr. Hall has not alleged that he faces an imminent risk of being affected by an infectious disease or ongoing public health emergency. Put simply, there is nothing in the record showing that Mr. Hall's health conditions—Crohn's disease, sickle cell disease, and hypertension—rise to the level of serious medical circumstances that amount to an extraordinary and compelling reason for relief. There is no indication that his current facility, United States Penitentiary Pollock, is providing inadequate medical treatment. Rather, Mr. Hall's own assertions, that he takes nine medications per day and that he has received a number of surgeries, demonstrate that the Bureau of Prisons actively manages his care. In short, Mr. Hall's medical circumstances do not amount to an

extraordinary and compelling reason for relief. On that basis, his Motion for Compassionate Release (ECF No. 67) is DENIED.

### c. § 3553 Factors

Even if Mr. Hall had demonstrated an extraordinary and compelling reason meriting a reduction in his term of imprisonment, his Motion for Compassionate Release (ECF No. 67) would nevertheless be denied because such a reduction would be inconsistent with the sentencing factors set out in 18 U.S.C. § 3553. If a district court finds the existence of extraordinary and compelling reasons to grant relief, it must determine whether any relevant sentencing factors in 18 U.S.C. § 3553(a) also support relief. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a). The Court concludes that the sentencing factors weigh against a reduction in sentence.

First, "the nature and circumstances of the offense[s]" weigh heavily against relief. *Id.* § 3553(a)(1); *see United States v. Gregory*, 538 F. Supp. 3d 562, 569 (D. Md. 2021) (explaining that § 3553(a) factors weighed against prisoner who had committed murder); *United States v. Webster*, 611 F. Supp. 3d 194, 203 (E.D. Va. 2020) (same). Mr. Hall pleaded guilty to three carjackings resulting in death, all committed within two weeks in August 2001 (specifically, August 14, 23, 28, 2001). Each time, he committed murder in the same way. Mr. Hall would take unlicensed

cab drivers, at gunpoint, into wooded areas near Baltimore. Once there, he would shoot and kill the cab driver and then take the car. These were extremely serious crimes committed in cold blood which weigh against a sentence reduction. Likewise, the need to provide deterrence and just punishment, and the need to provide restitution to the victims all counsel against relief. Finally, Mr. Hall has presented no post-sentencing mitigation evidence that would support a reduction in sentence under these factors. Accordingly, the sentencing factors contained at 18 U.S.C. § 3553(a) weigh strongly against a reduction in sentence.

## CONCLUSION

For the reasons stated above, it is this 18th day of June, 2026, hereby ORDERED that Mr. Hall's pro se Motion for Expedited Ruling (ECF No. 65) is DENIED AS MOOT and that his Motion for Compassionate Release (ECF No. 67) is DENIED.

/s/
Richard D. Bennett
United States Senior District Judge